IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. SCHIRA, d/b/a
GINSENG WISCONSIN, LLC and
DIANA R. SCHIRA,

                              Plaintiffs,                          OPINION AND ORDER

     v.

                                                         09-cv-447-wmc

JOE SIT a/k/a JOSEPH SIT a/k/a YU HON SIT,
BETTER CANADA GINSENG LIMITED,
SUPER INTEREST LIMITED HK and
SUPER GAIN TRADING CO. HK,

                              Defendants.

---

      This is a civil action in which plaintiffs allege that defendants owe them several hundreds of thousands of dollars for work performed before their business relationship went bad.  Plaintiffs filed this case in the circuit court for Marathon County, Wisconsin and, on July 15, 2009, defendants removed the case to federal court under 28 U.S.C. §§ 1441(a) and 1446.  At the time, defendants alleged that removal to this court was proper because the court has original jurisdiction over the matter under the diversity jurisdiction statute, 28 U.S.C. § 1332.  Dkt. #1.  Although defendants have a motion for summary judgment pending before the court, the merits of this case cannot be decided before a determination on jurisdiction is reached and on the current record it is unclear if diversity jurisdiction exists.

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local*

*150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint raises a federal question or there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 789, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present by providing "competent proof" of that fact.  *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence")).

In their notice of removal, defendants allege that plaintiffs are "Wisconsin residents" or a "Wisconsin Limited Liability Company," that defendant Joe Sit is a Canadian citizen, that defendant Better Canada Ginseng Limited is a Canadian corporation and that defendants Super Interest Limited HK and Super Gain Trading Co. HK are both Hong Kong Corporations.  Dkt. #1.  In support of their motion for summary judgment, defendants provide additional facts about their citizenship supported by the affidavit of Mr. Sit.  Defs.' PFOF, dkt. #19, ¶¶1-4; Sit's Aff., dkt. #23, ¶¶18-20.

2

The information provided, however, falls short of competent proof establishing that diversity jurisdiction exists:

1. There are no allegations or facts establishing plaintiffs' *citizenship* for jurisdictional purposes.  Defendants have only provided the alleged residency of each individual plaintiff, while the court must know the citizenship of each plaintiff because "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

2. There are no allegations or facts about Ginseng Wisconsin, LLC's citizenship. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Accordingly, defendants must provide a list of all of Ginseng Wisconsin's members and proof of the citizenship of each of those members.

3. Defendant Sit's affidavit alone is not "competent proof" regarding the citizenship of defendants Better Canada, Super Interest and Super Gain.  In addition to not providing proof of defendant Sit's having personal knowledge to testify regarding each business entity's type, the name of each of these business entities raises questions about their entity type.  For example, according to their names, defendants Super Interest and Super Gain are a Hong Kong limited entity and a Hong Kong company respectively.  Nonetheless, Sit simply avers that those defendants are both Chinese corporations, each with its principal place of business

in Hong Kong.  His averment alone is not sufficient to establish that those defendants are legally-recognized corporations and not some form of partnership under Hong Kong law, in which case the court would need to know the citizenship of each member.  *See Superl Sequoia Limited v. C.W. Carlson Co. Inc.*, 09-2406, oral argument and dkt. #26 (7th Cir. Jan. 11, 2010) (Easterbrook, C.J., questioning jurisdictional statement of appellant who merely averred it was a Hong Kong corporation without further evidentiary support); *see also Hertz Corp.*, 130 S. Ct. at 1195 (rejecting petitioner's contention that "the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center'").

As reflected in the decisions cited above, raising these jurisdictional issues now is not intended to be mere judicial nit-picking by this court.  Instead, resolution of these jurisdictional issues is required before this case can be decided on the merits.  As the Seventh Circuit has explained, "the fact that limits on subject-matter jurisdiction are not waivable or forfeitable–that federal courts are required to police their jurisdiction–imposes a duty of care that [federal courts] are not at liberty to shirk." *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006).

While it may well be that diversity jurisdiction is present under § 1332(a)(2), as the parties should recognize, the applicable section may change or jurisdiction be lacking

4

depending on the citizenship of parties.  For example, if any plaintiff, including a member of Ginseng Wisconsin, LLC, is a citizen of a foreign state, then presumably there would be foreign parties on both sides of the suit and a United States citizen on only one, defeating this court's subject-matter jurisdiction.  *See Salton, Inc. v. Philips Domestic Appliances & Personal Care B.V.*, 391 F.3d 871, 875 (7th Cir. 2004).  Similarly, if defendant Super Interest is a partnership under Hong Kong law, one of its members could be a citizen of Wisconsin, which would destroy complete diversity.  *See Smart*, 562 F.3d at 803.  As the case stands now, it is unclear whether diversity jurisdiction exists because there is a lack of evidence regarding the citizenship of several of the parties.  As the parties invoking federal jurisdiction, therefore, defendants must provide evidence that actual diversity exists before a decision on the merits in this case can be reached.


ORDER

IT IS ORDERED that on or before Friday, May 7, 2010, defendants shall file with the court supplemental findings of fact, supported by admissible evidence similar to that provided in a summary judgment motion, sufficient to establish plaintiffs' and defendants' citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

Entered this 27th day of April, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5