IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY D. SCHIRA d/b/a
GINSENG WISCONSIN, LLC
and DIANA R. SCHIRA,

                Plaintiffs,                OPINION AND ORDER

   v.

                                            09-cv-447-wmc

JOE SIT a/k/a JOSEPH SIT a/k/a
YU HON SIT, BETTER CANADA
GINSENG LIMITED, SUPER
INTEREST LIMITED HK and
SUPER GAIN TRADING CO. HK,

                Defendants.

---

This case involves a business arrangement generally involving the export of ginseng from Wisconsin to China. Plaintiffs initiated this civil action in state court in June 2009, alleging that defendants had not upheld their end of the agreement and owed plaintiffs upwards of $350,000. Defendants removed this case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Before the court is defendants' motion for summary judgment, as well as several miscellaneous motions filed by plaintiffs and defendants.

<u>Defects in Plaintiffs' Summary Judgment Submissions</u>

Plaintiffs are represented by counsel and plaintiff Diana Schira, an attorney licensed to practice law in Wisconsin. Despite being a lawyer, Ms. Schira has failed to follow many of this court's procedures, including failing to submit proper responses to defendants' proposed findings of fact, filing a sur-reply without seeking leave of court and seeking leave to file a motion for summary judgment over two months after the dispositive motion

deadline, just to name a few.[1] In addition to these failures, the substance of Schira's submissions is more than lacking with little, no or irrelevant legal citations to support each of plaintiffs' claims.

While the court expects that lawyers practicing before it would work diligently to follow its procedures, those procedures are not so draconian that any divergence is fatal. In viewing Schira's handling of this case, the court is inclined to treat her submissions more like submissions filed by a pro se litigant than those filed by an attorney. This treatment provides plaintiffs some leeway in complying with this court's procedures. Plaintiffs, through Schira's efforts, appear to have at least attempted to follow this court's procedures and having done as much, the court will consider their submissions, including their sur-reply documents, despite many procedural missteps. Accordingly, plaintiffs' request to file a sur-reply (dkt. #50) will be granted and their additional submissions in sur-reply have been taken into consideration. Conversely, defendants motion to strike plaintiffs' sur-reply submissions (dkt. #46) will be denied. Permitting the filling of submissions for review, however, does not absolve plaintiffs from having to submit admissible evidence or from adhering to the Federal Rules of Civil Procedure or of Evidence.

---

[1] Ms. Schira contends that any failures in properly responding to defendants' motion for summary judgment was the result of defendants having waited until the March 15, 2010 dispositive motion deadline to file the motion even though they knew that plaintiffs would be on vacation in late March. Pls' Br., dkt. #58, at 1. There is, however, nothing improper about waiting until a deadline to file a motion. In fact, most parties typically wait until the actual dispositive motion deadline to file a motion for summary judgment. Ms. Schira was aware of this deadline long in advance. She cannot blame defendants' timely and proper filing for any of her subsequent failures to respond, especially given her failure to timely seek an extension of the applicable deadlines.

Background

The dispute underlying this case is rather simple: plaintiffs believe that defendants, specifically defendant Joe Sit, have not paid them for all services rendered or expenses covered during the time they worked together exporting ginseng, while defendants contend that plaintiffs have been paid in full for everything defendants owed. Some of the facts are just as straightforward: from 2000 until 2006 Jeffrey Schira worked for Joe Sit on a commission basis; this working relationship between Schira and Sit was based on an oral agreement; and the parties used a building owned by Schira's companies while working together.

The rub comes when one looks for evidence of whether defendants actually owe plaintiffs anything and, even if they do, what has and has not been paid. Plaintiffs contend that defendants' motion for summary judgment should be dismissed because "defendants have failed to prove they paid all that is due the plaintiffs[.]" Pls' Sur-reply, dkt. #43, at 3. Defendants, however, need not provide such proof to succeed on their summary judgment motion where, as here, plaintiffs bear the burden to prove what is owed. "[A] motion for summary judgment requires the responding party to come forward with the evidence that it has–it is the put up or shut up moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (internal quotations omitted).

Despite plaintiffs belief otherwise, it is their burden, as the plaintiffs and the non-movant, to provide "'sufficient evidence to show the existence of each element of [their] case on which [they] will bear the burden at trial.'" *Van Diest Supply Co. v. Shelby County State*

*Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (quoting *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)). In fact, "'neither presenting a scintilla of evidence, . . . nor the mere existence of some alleged factual dispute between the parties or some metaphysical doubt as to the material facts, is sufficient to oppose a motion for summary judgment . . . . The party must supply evidence sufficient to allow a jury to render a verdict in his favor.'" *Van Diest Supply Co.*, 425 F.3d at 439 (alterations in original) (quoting *Robin*, 200 F.3d at 1088). Plaintiffs have provided enough evidence, though just barely, to survive summary judgment on their breach of contract and unjust enrichment claims. They have, however, failed to provide such evidence with respect to their other claims.

Breach of Contract

The parties agree that they had an oral agreement requiring Sit to pay Mr. Schira for the export and re-import of ginseng. They also agree that Schira was to be paid a commission of 50 cents per pound of ginseng sold for the first thousand pounds and 25 cents per pound for any sold above that amount. Because the parties did not reduce their agreement to a writing, they had an express oral contract under Wisconsin law.[2] *In re Steffes*, 95 Wis. 2d 490, 497 n.4, 290 N.W.2d 697, 701 n.4 (1980). Simply put, a party breaches

---

[2] Here, as typically is the case with diversity suits, the substantive law of the forum state applies to substantive issues, which makes Wisconsin law the substantive law of this case. *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (citation omitted). Indeed, the parties agree that Wisconsin law applies to all claims in this case. In absence of dispute over choice of law, the court will therefore, apply the law of forum state. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002).

a contract when there is "a failure, without legal excuse, to perform that which is required by contract." 2 *Contract Law in Wisconsin* § 12.18 (3d ed. 2007). Plaintiffs contend that defendants breached the oral agreement by failing to pay Schira for all the commissions he earned.

Most of the evidence plaintiffs provide to the court regarding Sit's failure to pay commissions amounts to nothing more than unauthenticated lists from which little substance can be gleaned. Specifically, plaintiffs focus in on a document entitled "All Deals Starting 1999" as evidence of unpaid commissions. Pls.' Br., dkt. #26, at 6; Diana Schira Aff., dkt. #30, ex. A. Initially, the document raises hearsay problems because it clearly is not a business record "kept in the course of a regularly conducted business activity," Fed. R. Evid. 803(6), nor is it an admissible summary under Rule 1006 because there is no description, much less authentication of the underlying records used to create the document.

Ignoring these hearsay and foundation problems, it would require rank speculation to conclude that this document evidences whether, much less what, defendants failed to pay Schira in terms of commissions. Besides containing a jumble of names, numbers and calculations along with handwritten scribbles, the first page of the document itself notes that there are many problems with the information in the document and that nothing further could be done regarding any commission owed until all underlying documentation had been checked. Diana Schira Aff., dkt. #30, ex. A at 2. At most, a jury could speculate about what commissions and in what amounts defendants failed to pay, but plaintiffs cannot avoid summary judgment on speculation and conjecture. *Harrington v. New England Mut. Life Ins.*

*Co.*, 873 F.2d 166, 169 (7th Cir. 1989). Similar problems arise regarding the "hand written letters" attached to Mr. Schira's affidavit. Jeffrey Schira Aff., dkt. #29, ex. B. It is simply unclear to what much of the information in those letters refers.

Plaintiffs' sole saving document is a handwritten note on a page filled with numbers, which states: "Final amount owing to Jeff" and includes an arrow pointing to the figure $28,313. *Id.* at 11 (Bates #000012). Whether this handwritten note by itself would be sufficient to defeat defendants' motion is questionable. Defendants' admission that Mr. Schira was in fact not paid the amount listed on the document, nonetheless, provides the necessary support to raise the evidence beyond that of mere speculation. Diana Schira Aff., dkt. #65, ex. X at 3. Although defendants dispute whether Mr. Schira was actually entitled to the $28,313, their admission that they did not pay Schira at least that amount, along with the handwritten note, is enough for a reasonable jury to find in plaintiffs' favor on their claim that Sit breached his agreement by not paying Mr. Schira all his commissions.

<u>Unjust Enrichment</u>

Turning to plaintiffs' unjust enrichment claim, defendants contend that this claim must fail because it is undisputed that there is a contract. *See Meyer v. The Laser Vision Inst.*, 2006 WI App 70, ¶22, 290 Wis. 2d 764, 779, 714 N.W.2d 223, 230 (quasi-contract equitable claims, such as unjust enrichment, barred when parties entered into a contract). Defendants admit, however, that a claim for unjust enrichment is not barred if it arises from aspects of the business relationship outside the scope of the contract. Defs.' Br., dkt. #20,

at 6. Plaintiffs contend that their claim for unjust enrichment arises outside the scope of the parties' agreement because there was no such agreement governing the legal services Ms. Schira provided Sit and his businesses, although there was a contract governing the business relationship between Mr. Schira and Sit.[3]

Defendants concede that there was no agreement regarding legal services. Defs.' Reply, dkt. #39, at 4. Plaintiffs may, therefore, pursue payment for Schira's services under the quasi-contract theory of unjust enrichment.

"To establish a claim for unjust enrichment, the plaintiff must prove three elements: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and (3) the defendant accepted or retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value." *Buckett v. Jante*, 2009 WI App 55, ¶10, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. Schira avers that Sit asked her to perform legal services for him on many occasions and that she complied with his requests without receiving payment for her services. Diana Schira Aff., dkt. #30, ¶10. Sit avers that he (1) never hired Shira to perform legal services for him or the other defendants and (2) was not aware that she

---

[3] Plaintiffs also contend that Ms. Schira is entitled to payment for her legal services by citing case law about employees being entitled to payment for all the work they do. Pls.' Sur-reply, dkt. #43, at 4. Neither plaintiffs' argument, nor their citations, are relevant to this case, because the cited cases were referring to employees and work as defined under the federal Fair Labor Standards Act and plaintiffs have never asserted any claims under the Act. *See Spoerle v. Kraft Foods Global Inc.*, 527 F. Supp. 2d 860 (W.D. Wis. 2007) (discussing "work" in the context of the FLSA, 29 U.S.C. §§ 206 and 207). Plaintiffs have not alleged, let alone offered any evidence, that Ms. Schira or her circumstances fall within the scope of the statute.

performed any such services.  Joe Sit Aff., dkt. #23, ¶¶9-12.

Defendants contend that Ms. Schira's affidavit alone is not sufficient to defeat their summary judgment motion on her claim for unjust enrichment because there is no evidence of any legal work performed, such as bills, an agreement, etc.  But at this stage of the proceedings, Ms. Schira's affidavit, including her statement that she did perform legal services and was not paid accordingly is sufficient evidence to satisfy plaintiffs' burden of proof.  *See Whitlock v. Brown*, 596 F.3d 406, 411-12 (7th Cir. 2010) (self-serving testimony may satisfy a party's evidentiary burden on summary judgment if statement is based on personal knowledge and grounded in observation not speculation).  To be sure, Schira's affidavit raises a genuine dispute of material fact about whether she in fact performed legal services for Sit, much less with his knowledge and reasonable expectation of compensation. But that is all for the trier of fact to resolve.

Defendants also seem to argue that regardless of whether Schira performed legal services with Sit's knowledge, because she agreed to perform them so long as Sit paid Mr. Schira his commission, Sit's acceptance of the services without payment is not inequitable under the circumstances.  While this argument may be a valid defense to plaintiffs' unjust enrichment claim, it does not entitle defendants to summary judgment.

Plaintiffs dispute whether Mr. Schira was paid all his commission for his involvement with Sit's ginseng business.  If a jury were to believe the Schiras' story that Mr. Schira was not fully paid in accordance with the parties' agreement, then it could also reasonably find that Ms. Schira conferred benefits on Sit of which he was aware and that his acceptance of

the benefits without payment would be inequitable.

## Reimbursement of Building Expenses

With respect to plaintiffs' claim that Sit is responsible for expenses associated with the building at 400 Main Street in Marathon City, Wisconsin, there is no evidence from which a reasonable jury could find that Sit was responsible for those expenses. Plaintiffs' admit that the building was purchased by Mr. Schira's previous company, Ginseng Wisconsin, LLC and is currently owned by his other company, American Ginseng, LLC. The parties agree that Sit used the building during his business relationship with Schira, which ran from 2001 to sometime in 2006. Sit also admits that he paid expenses associated with the building during that time. When Sit ended his business relationship with Mr. Schira, Sit stopped using the building and stopped paying for its expenses. Plaintiffs have not provided any evidence that Sit agreed to pay for building expenses after his relationship with Schira terminated. Plaintiffs contend, however, that "defendants have not provided any proof that they do not owe any expense reimbursement to the plaintiffs." Pls.' Sur-reply, dkt. #43, at 5. As stated before, it is plaintiffs' burden at summary judgment to provide sufficient evidence for a jury to find that defendants in fact owed them money for building expenses. Their failure to do so entitles defendants to summary judgment on that claim.

## Fraud and Concealment

Plaintiffs also have raised a claim against defendants that the parties refer to as a

claim for fraud and concealment. The claim appears to be for intentional misrepresentation, a common-law fraud, because the gist of this claim stems from plaintiffs' allegations that Sit intentionally misrepresented his intentions regarding whether he would pay plaintiffs all that was owed them. *See, e.g., Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶12, 283 Wis. 2d 555, 569, 699 N.W.2d 205, 211. Plaintiffs failed to provide or cite any relevant law to support this claim. Relevant Wisconsin law, nonetheless, explains that "unless the speaker knew of facts inconsistent with his statements or had a present intent not to perform, an action for misrepresentation cannot be based on future events or facts not in existence when the representation was made, or on unfulfilled promises." *Schurmann v. Neau*, 2001 WI App 4, ¶10, 240 Wis. 2d 719, 727, 624 N.W.2d 157, 161. Plaintiffs have failed to provide any evidence, even circumstantial, that Sit knew he was not going to pay them what he owed them, nor intended not to pay what he owed them. Instead, Sit's statements that he would pay plaintiffs in the future was based on his belief that he would pay what he owed to plaintiffs, if in fact he owed them anything. Ultimately, Sit determined that he owed them nothing, and while plaintiffs disagree, this disagreement is not evidence of intentional misrepresentation and no jury could find otherwise.

## Statute of Limitations

Finally, defendants raise a statute of limitations defense, noting that Wis. Stat. § 893.43 requires that any lawsuit based on a contract, including commissions due, be commenced within 6 years after the cause of action accrues or be barred. *See Erdman v.*

10

*Jovoco, Inc.*, 181 Wis. 2d 736, 512 N.W.2d 487 (1994). This would limit plaintiffs damages to actions occurring after June 3, 2003 (6 years before this lawsuit was commenced). Plaintiffs do not provide any legal argument to dispute defendants' statute of limitations defense. Accordingly, plaintiffs' contractual damages will be limited to those occurring after June 3, 2003, and the burden will be on plaintiffs to prove when they incurred their damages.

## Remaining Issues

As this case now moves toward trial in early August, the court finds it prudent to address several additional issues. First, although the one and only motion to compel was not filed until June 2, 2010 (dkt. #67), several of the parties' disputes at summary judgment relate to discovery issues. For example, both sides allege that the other side has not properly answered interrogatories or requests for admissions. If this is the case, those issues should have been taken up first with each other and then, where an impasse is reached, with the court. *See Preliminary Pretrial Conference Order*, dkt. #5, at 4 ("This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.").

Second, plaintiffs filed a motion for leave to file for summary judgment (dkt. #67) several months after the summary judgment deadline. Not only is the motion much to late, but it does not follow this court's procedures, including that a party moving for summary

judgment submit specific, discrete findings of fact in addition to evidentiary materials, such as affidavits. *Procedure to be Followed on Motions for Summary Judgment*, dkt. #5, at 12, I.A.1-4. Plaintiffs did not submit any findings of fact and, thus, their motion will be denied.

Third, plaintiffs have asked permission to use telephonic testimony at trial for 400 witnesses. Plaintiffs have not persuaded the court that there is good cause for such treatment of 400 witnesses and their motion will be denied. There has not been a sufficient showing that the testimony of so many witnesses is relevant or necessary to plaintiffs' case. That being said, they may raise this issue again in motions in limine, explaining why the telephonic testimony of so many witnesses is necessary, practical and relevant.

Finally, plaintiffs should now be aware that they have barely provided enough evidence to survive summary judgment on their claims for breach of contract and unjust enrichment, and it will remain *their* burden at trial to convince a jury by a preponderance of the evidence that defendants owe them money for specific unpaid commissions and/or services and, if so, how much. Defendants do not have any initial burden to prove a negative (that they owe nothing).

To sum up what remains in this case: two of plaintiffs's claims survived summary judgment, (1) their claim that defendants breached their contract with Mr. Schira regarding the payment of commission for the export and re-import of ginseng and (2) their claim that defendants were unjustly enriched by Ms. Schira providing them with legal services without them paying for the value of the services. If plaintiffs successfully prove that defendants are liable on these claims, damages on their breach of contract claim will be limited to those

occurring after June 3, 2003.

ORDER

IT IS ORDERED that:

(1)     Defendants' motion to strike plaintiffs' sur-reply (dkt. #46) is DENIED;

(2)     Plaintiffs' motion for leave to file sur-reply materials is GRANTED;

(3)     Defendants' motion for summary judgment (dkt. #18) is (a) GRANTED IN PART with respect to (i) plaintiffs' claims against defendants for failure to pay for expenses and intentional misrepresentation and (ii) damages on plaintiffs' breach of contract claim occurring before June 3, 2003, and (b) DENIED IN PART with respect to plaintiffs' claim for unjust enrichment and the remainder of plaintiffs' claim for breach of contract; and

(4)     Plaintiffs' motions for permission to use telephonic testimony at trial (dkt. #60) and for leave to file a motion for summary judgment (dkt. #63) are DENIED.

Entered this 9th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge